UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD GILL,

    Petitioner,             Civil No. 2:06-CV-10835
                            HONORABLE BERNARD A. FRIEDMAN
v.                              CHIEF UNITED STATES DISTRICT JUDGE

MARY K. BERGHUIS,

    Respondent,
_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

Bernard Gill, ("Petitioner"), presently confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his sentence for involuntary manslaughter, M.C.L.A. 750.321; operating under the influence causing injury, M.C.L.A. 257.625(5)(a); and being a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

### I. Background

Petitioner was originally charged with second-degree murder, operating under the influence causing injury, driving while license suspended, and being a fourth felony habitual offender. Pursuant to a plea agreement with the Wayne County Prosecutor, petitioner agreed to plead guilty to a lesser offense of involuntary manslaughter, and guilty as charged to operating under the influence causing injury and being a fourth

1

felony habitual offender. In exchange for his plea, the second degree murder charge and the driving while license suspended charge would be dismissed. The parties also entered into a sentence agreement whereby they agreed that petitioner would be sentenced to fifteen to thirty years in prison.

Subsequent to pleading guilty, petitioner absconded from the State of Michigan for almost four years. Ultimately, petitioner was brought before the court and sentenced to fifteen to thirty years in prison, in accordance with the sentencing agreement.

Petitioner's sentence was affirmed on appeal. *People v. Gill,* 261009 (Mich.Ct.App. April 18, 2005); *lv. den.* 474 Mich. 905 (2005). Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. Denial of due process of law.

II. Denial of effective assistance of counsel.

III. The 6th and 14th Amendments were violated.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

The Court will address petitioner's claims together for judicial clarity. In his first claim, petitioner contends that the trial court misscored his guidelines range under the Michigan Sentencing Guidelines and departed from the correct sentencing guidelines range without establishing substantial and compelling reasons for doing so. In his second claim, petitioner alleges that his counsel was ineffective for failing to review the pre-sentence report with him. In his third claim, petitioner contends that the trial court violated his Sixth Amendment rights by considering factors at sentencing that had neither been proven beyond a reasonable doubt nor admitted to by petitioner.

The Court notes that the prosecutor and petitioner agreed that petitioner would receive a sentence of fifteen to thirty years. The trial court sentenced petitioner to fifteen

to thirty years in prison. A defendant who consents to a specific sentence in a plea agreement and receives the exact sentence that he bargained for waives the right to challenge the sentence on appeal or collateral review. *See United States v. Livingston,* 1 F. 3d 723, 725 (8th Cir. 1993); *Drumm v. Warren,* No. 2005 WL 3107772, * 5 (E.D. Mich. November 18, 2005); *Lozada-Rivera v. United States,* 195 F. Supp. 2d 365, 368 (D. Puerto Rico 2002).

In any event, petitioner's sentence of fifteen to thirty years was within the statutory limits for the charges of involuntary manslaughter, operating under the influence causing injury, and being a fourth felony habitual offender. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000).

In the present case, the state trial court's allegedly improper interpretation of the state's sentencing guidelines is not a cognizable claim for federal habeas review. *Whitfield v. Martin,* 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001). Claims concerning alleged violations of state law are non-cognizable on federal habeas review. *See e.g. Regan v. Hoffner,* 209 F. Supp. 2d 703, 714 (E.D. Mich. 2002). To the extent that petitioner is claiming that his sentence violates the Michigan state sentencing guidelines, his claim is not cognizable in a habeas proceeding because it is a state law claim.

*McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005); *See also Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004). Petitioner's claim that the sentencing guidelines were incorrectly scored fails to state a claim upon which habeas relief can be granted. *Cook,* 56 F. Supp. 2d at 797. Petitioner's related claim that the state trial court improperly departed above the sentencing guidelines range would also not entitle him to habeas relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999); *See also Drew v. Tessmer,* 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001).

In his second claim, petitioner contends that counsel was ineffective for failing to review the pre-sentence investigation report with him prior to sentencing. To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Any error by a defense counsel in failing to read and review a pre-sentence investigation report with a defendant prior to sentencing does not constitute ineffective

5

assistance of counsel in the absence of any indication that the outcome of the sentencing would have been different. *See United States v. Bartholomew,* 974 F. 2d 39, 42 (5th Cir. 1992). *See also Siebert v. Jackson*, 205 F. Supp. 2d 727, 734-35 (E.D. Mich. 2002). In light of the fact that petitioner was sentenced to fifteen to thirty years in accordance with the plea and sentencing agreement, petitioner is unable to establish that the outcome of the sentencing would have been different had counsel reviewed the pre-sentence report with him prior to sentencing.

Petitioner finally contends that in scoring the sentencing guidelines range, the trial court violated the Supreme Court's holding in *Blakely v. Washington,* 542 U.S. 296 (2004)*,* where the Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.

The problem with petitioner's reliance on *Blakely* is that the case in *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The decision in *Blakely* has no application to petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09. Because *Blakely* does not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's scoring of petitioner's sentencing

6

guidelines range did not violate petitioner's Sixth Amendment rights. *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007).

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002); *Dell v. Straub,* 194 F. Supp. 2d 629, 658 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell,* 194 F. Supp. 2d at 659.  The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                                s/Bernard A. Friedman
                                **HON. BERNARD A. FRIEDMAN**
                                CHIEF UNITED STATES DISTRICT JUDGE

DATED:  May 6, 2008

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman